# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CELTNIEKS, SCHASBERGER, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSEPH R. SPARKS**
**United States Army, Appellant**

ARMY 20160099

Headquarters, 82d Airborne Division
Richard J. Henry, Military Judge
Lieutenant Colonel Susan K. McConnell, Staff Judge Advocate (pretrial)
Colonel Travis L. Rogers, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA; Captain Joshua B. Fix, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (on brief).

31 August 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of conspiracy to commit larceny, four specifications of larceny, and two specifications of unlawful entry, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1. The military judge granted one day of confinement credit. The convening authority approved a bad-conduct discharge confinement for twenty-six months, reduction to the grade of E-1, and one day of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree relief is appropriate in this case and grant ten days confinement credit. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

**LAW AND DISCUSSION**

The convening authority took action 246 days after the sentence was adjudged, 238 days of which are attributable to the government. The record in this case consists of five volumes and the trial transcript is 508 pages. It took twenty days for the staff judge advocate (SJA) to sign the staff judge advocate's recommendation (SJAR) and fifty-five days for him to sign the Addendum to the SJAR (Addendum). The defense counsel twice requested speedy post-trial processing. The first time was at the conclusion of trial, and the second time was on day 120–prior to the signing of the SJAR or the Addendum. While the Addendum lays out a timeline of the post-trial processing from adjournment of the court-martial to receipt of the Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106 matters, it does not include an explanation why it took fifty-five days from receipt of the R.C.M. 1105 and 1106 matters until the signing of the Addendum. Nevertheless, the SJA concluded the government diligently attempted to protect appellant's post-trial due process rights.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate as the unexplained delay could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we provide relief in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as provides for a bad-conduct discharge, twenty-five months and twenty days confinement, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court